AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 5:26-mj-1030-HNJ |
| | ) | |
| AIDEN DANIEL CUEVAS | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  12/1/2024 until 1/20/2026  in the county of  Madison  in the
Northern  District of  Alabama , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sec. 933(a)(2) & (3) | Conspiracy to Traffick in Firearms |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

*C. Hluzek*
*Complainant's signature*

FBI-TFO Chris Hluzek
*Printed name and title*

Telephonically sworn to before me and electronically signed on

Date: 01/20/2026

*Herman N. Johnson, Jr.*
Digitally signed by Herman N. Johnson, Jr.
Date: 2026.01.20 14:46:58 -06'00'
*Judge's signature*

City and state:  Huntsville, Alabama    Herman N. Johnson, Jr., U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Chris Hluzek, a Task Force Officer (TFO) of the Federal Bureau of Investigation, being first duly sworn, does hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer (TFO) of the Federal Bureau of Investigation (FBI) and have been so employed since May 2020. I am currently assigned to the Birmingham, Alabama, FBI Field Office and serve on the Domestic Terrorism Squad, which investigates violent crimes and terroristic threats in the Northern District of Alabama. I have received training in counterterrorism, physical surveillance, confidential source management, electronic surveillance techniques, and other matters. I have conducted and/or participated in counterterrorism investigations and investigations regarding firearms, violent extremists, and organized criminal activity.

2. Prior to the FBI, I was employed for more than twenty-seven years as a law enforcement officer in the state of Alabama, where I conducted investigations and obtained and executed both search and arrest warrants and have received advanced training regarding obtaining search and arrest warrants related to major cases.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.

4.     Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that AIDEN DANIEL CUEVAS and ANDREW COLE NARY have committed violations of Title 18, United States Code, Secs. 933(a)(2) & (3) (Conspiracy to Traffic in Firearms) predicated on the felony offenses of 18 U.S.C. § 922(o) (Transfer or Possession of a Machine Gun) and 18 U.S.C. § 922(k) (Manufacture's Serial Number Removed, Obliterated, Or Altered).

## PROBABLE CAUSE

5.     From on or about December 1, 2024, to on or about January 20, 2026, as described in more detail below, FBI conducted an undercover operation where CUEVAS and NARY did knowingly, intentionally, and unlawfully conspire and agree with each other, and with others both known and unknown, to receive and possess illegal firearms, including fully automatic machine guns with obliterated serial numbers.

6.     On June 21, 2025, in Madison County, Alabama, an FBI undercover employee (UCE-1) met with CUEVAS and CUEVAS requested paramilitary training from the UCE-1. CUEVAS discussed wanting Close Quarters Battle and Urban Terrorism Training with advanced training on taking out "high value targets." CUEVAS stated he and others wanted to be trained and ready within a year or two. UCE-1 discussed providing weapons, ammunition, and a location for the training.

7.     On July 31, 2025, in Madison County, Alabama, UCE-1 met with CUEVAS and Aiden Stamper, who both requested paramilitary training from UCE-1

but CUEVAS was worried about "Feds snooping around." Stamper told UCE-1 he had bought an AR-15 off the street and converted it into a fully automatic firearm.

8. On September 02, 2025, in Madison County, Alabama, UCE-1 met with CUEVAS, who told UCE-1 he had a contact who could make weapons. CUEVAS also told UCE-1 that he had another contact in Texas who could provide suppressors and drones for him.

9. On December 03, 2025, in Madison County, Alabama, UCE-1 met with CUEVAS and discussed moving forward with the paramilitary urban assault training of CUEVAS and others. CUEVAS asked UCE-1 to provide all the equipment, weapons, and a training location. CUEVAS informed UCE-1 the guns and training were for himself, Logan Gulbranson, and "John" (later identified as NARY). CUEVAS and UCE-1 discussed the price for UCE-1 to provide CUEVAS with fully automatic weapons with obliterated serial numbers. UCE-1 stated the cost per person would be five hundred dollars (three hundred dollars for a rifle and two hundred dollars for a pistol). CUEVAS and UCE-1 agreed that three rifles and three pistols would be purchased. CUEVAS agreed to pay UCE-1 in cash. UCE-1 and CUEVAS agreed the weapons would be delivered on January 20, 2025; CUEVAS also stated that he, NARY, Gulbranson, and a fourth individual would be present for the delivery. The delivery location is a predetermined location in Ardmore, Tennessee; CUEVAS considers this location a "safe-place" to conduct a covert operation and the location was near where

CUEVAS had previously stood guard over what he believed to be a trailer of illegal weapons and explosives on June 27, 2025.

10. On January 12, 2026, in Madison County, Alabama, UCE-1 met with CUEVAS and NARY, who paid UCE-1 one-thousand dollars for CUEVAS and NARY to each receive a fully automatic rifle with obliterated serial numbers and a Glock style pistol with obliterated serial numbers, totaling four weapons. CUEVAS informed UCE-1 that he would collect Gulbranson's money on January 13, 2026, for another fully automatic rifle and pistol. And CUEVAS discussed the purchase of two additional weapons for a fourth unidentified person from whom CUEVAS would obtain the money. Further, CUEVAS stated these weapons would be used, among other purposes, to "take out Finnegus [Ryan Christopher Patrick]," who CUEVAS believed was a "snitch."

11. On January 13, 2026, in Madison County, Alabama, CUEVAS met with UCE-1 and provided the additional $500 for Gulbranson's two weapons.

12. On January 20, 2026, near Ardmore, Tennessee, CUEVAS, who was traveling alone, met with UCE-1, and CUEVAS took possession of the six illegal weapons: three fully automatic weapons with obliterated serial numbers and three Glock style pistols with obliterated serial numbers.

## CONCLUSION

13. Based on the information provided, your affiant believes there is probable cause to believe that AIDEN DANIEL CUEVAS and ANDREW COLE NARY have violated 18 U.S.C. §§ 933(a)(2) & (3) (Conspiracy to Traffick in firearms).

Respectfully submitted,

*C. Hluzek*
Chris Hluzek
Task Force Officer
Federal Bureau of Investigation

Subscribed electronically and sworn to telephonically before me this 20th day of January 2026.

Herman N. Johnson, Jr.
Digitally signed by Herman N. Johnson, Jr.
Date: 2026.01.20 14:47:27 -06'00'

Herman N. Johnson, Jr.
United States Magistrate Judge